# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL, | CASE NO. 1:10-cv-01762-SKO PC |
| Plaintiff, | ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| SHERRY LOPEZ, et al., | (Doc. 15) |
| Defendants. | THIRTY-DAY DEADLINE |

**Screening Order**

I.  **Screening Requirement and Standard**

Plaintiff Horace Bell, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 24, 2010.  Pending before the Court is Plaintiff's second amended complaint, filed on April 25, 2011.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

---

[1] Plaintiff filed a first amended complaint as a matter of right and a second amended complaint with leave of court.  Fed. R. Civ. P. 15(a).  This is the first screening of Plaintiff's allegations by the Court.

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II. Plaintiff's Eighth Amendment Medical Care Claim

### A. Allegations

Plaintiff brings this action against Chief Medical Officer Sherry Lopez and Doctor Larry Dileo for events which occurred while he was incarcerated at Kern Valley State Prison.[2] Plaintiff alleges that Defendants are failing to comply with the regulations in place to bring the medical department up to standard, and he references the appointment of a federal receiver and the Plata

///
///
///

---

[2] Plaintiff is now incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran.

litigation.³  Plaintiff alleges that every time Defendant Lopez assigns a new doctor, such as Defendant Dileo, his prescription medications are taken away.

Plaintiff alleges that he suffers daily from sciatica, pain in his lower back, buttocks, hamstrings, and tingling in his calves and feet.  Plaintiff alleges that when Defendant Dileo arrived on the yard, he told Plaintiff that he had neck surgery, became hooked on drugs, and had to detox, and he was going to detox everyone else on the yard.  Plaintiff alleges that his motor-sensory neuropathy is out of control and that Defendant Dileo has discontinued his medication, demonstrating deliberate indifference to Plaintiff's severe pain.  Plaintiff alleges that he has been off of pain medication for four months and is still detoxing from methadone, and that he tosses and turns at night, gets little sleep, and trembles during the day.  Finally, Plaintiff alleges that interviews with Defendant Dileo are harassing, discriminatory, embarrassing, humiliating, and demoralizing.

### B.    **Defendant Dileo**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).

---

³ The Court takes judicial notice of Plata, et al. v. Brown, et al., case number 3:01-cv-01351-TEH, a prison-conditions class action pending in the Northern District of California.  It is not clear if is Plaintiff is attempting to base a claim on the violation of an order in Plata.  To the extent that he is, a violation of a court order in Plata does not provide Plaintiff with an independent claim for relief in this action.  See Cagle v. Sutherland, 334 F.3d 980, 986-87 (9th Cir. 2003) (consent decrees often go beyond constitutional minimum requirements, and do not create or expand rights); Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir. 1986) (remedial decrees remedy constitutional violations but do not create or enlarge constitutional rights).  Redress for violation of any Plata orders must be sought in the Plata case via class counsel.

Plaintiff's allegations are insufficient to support a claim against Defendant Dileo for violation of the Eighth Amendment. There are no specific factual allegations suggesting that Defendant Dileo acted with deliberate indifference. Plaintiff's complaint is supported by a detailed letter from the Receiver's Office, dated March 22, 2011, in which Plaintiff's medical care, including prescription medications, is documented, belying his contention that he is not receiving any care.

Plaintiff's disagreement with Defendant Dileo's chosen course of treatment, including changes to Plaintiff's prescription medications, will not support a claim under section 1983. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Further, harassment, embarrassment, humiliation, and demoralization do not support constitutional claims, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and Plaintiff's complaint lacks any support for a claim that Defendant Dileo intentionally and impermissibly discriminated against him, e.g., Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

**C.     Defendant Lopez**

Under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. 1937 at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, No. 09-55233, 2011 WL 2988827, at *4-5 (9th Cir. Jul. 25, 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Liability may not be imposed on supervisory personnel under the theory of respondeat superior. Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235. Plaintiff's complaint fails to set forth any factual allegations demonstrating that

///

Defendant Lopez was personally involved in his medical care or that she is subject to liability under a theory of supervisory liability.[4]

### III.    Conclusion and Order

Plaintiff's second amended complaint fails to state a claim upon which relief may be granted under section 1983. Because Plaintiff has not previously been notified of the deficiencies in his claims, the Court will provide him with one opportunity to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his third amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's third amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a complaint form;

2.    Plaintiff's second amended complaint, filed April 25, 2011, is dismissed for failure to state a claim upon which relief may be granted;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint; and

///

---

[4] Notably, in addition to the absence of any facts linking Defendant Lopez to a supervisory liability claim, there is no viable underlying claim against Defendant Dileo upon which to premise a superivsory liability claim.

5

4.       If Plaintiff fails to file a third amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   August 12, 2011                             /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE