# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL, | CASE NO. 1:10-cv-01762-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF |
| v. | (Doc. 16) |
| SHERRY LOPEZ, et al., | |
| Defendants. | |

Plaintiff Horace Bell, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 24, 2010. On May 5, 2011, Plaintiff filed a motion seeking an order requiring prison officials to provide him with pain medication for his degenerative disc disease and arthritis.

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, ___, 129 S.Ct. 365, 376 (2008) (citation and quotation marks omitted). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 129 S.Ct. at 1149 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969. Further, any award of equitable relief is governed

1  by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil
2  action with respect to prison conditions shall extend no further than necessary to correct the violation
3  of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any
4  prospective relief unless the court finds that such relief is narrowly drawn, extends no further than
5  necessary to correct the violation of the Federal right, and is the least intrusive means necessary to
6  correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

7         In a separate order issued concurrently with this order, the Court found that Plaintiff failed
8  to state any claims for relief and it dismissed Plaintiff's second amended complaint, with leave to
9  amend.  Until and unless Plaintiff files a third amended complaint setting forth viable claims for
10 relief, the Court lacks jurisdiction to issue any preliminary injunctions.  18 U.S.C. § 3626(a)(1)(A);
11 Summers, 129 S.Ct. at 1149; Mayfield, 599 F.3d at 969.  Further, the order sought by Plaintiff cannot
12 be issued even assuming Plaintiff is able to amend to state one or more cognizable claims.  Plaintiff
13 is no longer housed at Kern Valley State Prison, where the events at issue in this action allegedly
14 occurred, and past misconduct by Defendants does not confer standing to seek an order aimed at
15 preventing harm arising from current conditions of confinement at a new institution involving non-
16 parties to the suit. 18 U.S.C. § 3626(a)(1)(A); City of Los Angeles v. Lyons, 461 U.S. 95, 111, 103
17 S.Ct. 1660 (1983); Summers, 129 S.Ct. at 1149; Mayfield, 599 F.3d 970.

18         Accordingly, Plaintiff's motion for preliminary injunctive relief, filed May 5, 2011, is
19 DENIED for lack of jurisdiction.

21 IT IS SO ORDERED.

22 **Dated:    August 12, 2011**                    /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE