# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL, | CASE NO. 1:10-cv-01762-SKO PC |
| Plaintiff, | SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| SHERRY LOPEZ, et al., | (Doc. 21) |
| Defendants. | ORDER COUNTING DISMISSAL AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

**Screening Order**

**I.     Screening Requirement and Standard**

Plaintiff Horace Bell, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 24, 2010. On August 15, 2011, the Court dismissed Plaintiff's second amended complaint, with leave to amend, for failure to state a claim. Plaintiff filed a third amended complaint on August 24, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II. Plaintiff's Third Amended Complaint

### A. Allegations

Plaintiff brings this action against Chief Medical Officer Sherry Lopez and Doctor Larry Dileo for events which occurred while he was incarcerated at Kern Valley State Prison.[1] Plaintiff alleges that Defendant Dileo, under the authorization of Defendant Lopez, took his prescription medications away. Plaintiff alleges that he suffers daily from chronic, excruciating pain, making sleep and even using the toilet difficult; and that he is enduring cruel and unusual punishment and Defendants are practicing racism against him.

///
///

---

[1] Plaintiff is now incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran.

**B.      Defendant Dileo**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

At the screening stage, Plaintiff's allegation that he suffers from severe chronic pain is sufficient to support the existence of a serious medical need.  However, Plaintiff has not supported his claim that Defendant Dileo acted with deliberate indifference to that need.  Plaintiff's exhibits reveal that Defendant Dileo changed Plaintiff's brand-name prescription medications to generic medications, but a mere disagreement with Defendant Dileo's chosen course of treatment, including changes to medications, does not support a claim under section 1983.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  (3rd Amend. Comp., pp. 5-14.)

As previously stated, the mere possibility of misconduct is not enough to support a claim. Iqbal, 129 S.Ct. at 1949.  Facts which are merely consistent with liability fall short of meeting the requisite plausibility standard, and while Plaintiff takes issue with Defendant Dileo's medical decisions, that is simply not enough to support a plausible claim for relief under the Eighth Amendment. Id.

Further, while Plaintiff alleges racism, his third amended complaint lacks any support for a claim that Defendant Dileo intentionally and impermissibly discriminated against Plaintiff. E.g., Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Comm. Concerning

1  Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis,
2  345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

### C.  Defendant Lopez

Under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. 1937 at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, No. 09-55233, 2011 WL 2988827, at *4-5 (9th Cir. Jul. 25, 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Liability may not be imposed on supervisory personnel under the theory of respondeat superior. Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235.

Plaintiff's third amended complaint fails to set forth any facts demonstrating that Defendant Lopez was personally involved in his medical care or in discriminating against him, or that she was otherwise responsible for a violation of his rights under a theory of supervisory liability. Starr, 2011 WL 2988827, at *4-5.

### III.  Conclusion and Order

Plaintiff's third amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he was unable to cure the deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, further leave to amend is not warranted.

///
///
///
///

Accordingly, this action is HEREBY ORDERED DISMISSED, with prejudice, for failure to state a claim under section 1983, and this dismissal SHALL count as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:   August 26, 2011**                    /s/ Sheila K. Oberto
                                                            UNITED STATES MAGISTRATE JUDGE